Filed 4/3/24  P. v. Evansco CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JONATHAN EVANSCO,<br><br>　　　Defendant and Appellant. | C098224<br><br>(Super. Ct. No. 21FE007672) |

Defendant Jonathan Evansco appeals from his conviction for assault with a deadly weapon.  He contends the trial court erred in denying his motion to strike the prior serious felony enhancement.  We will affirm.

## I.  BACKGROUND

In October 2020, defendant was at his girlfriend's house when they got into an argument.  The girlfriend called her adult son and said defendant was "being crazy" and breaking things in the house.  Distraught, the girlfriend left and met up with her son at his home nearby.  The girlfriend continued to argue with defendant over the phone, and she

1

asked him to leave her home because her son was coming over. Defendant threatened to kill the son.

The son decided to go to his mother's home and ask defendant to leave, and his mother and his girlfriend decided to come too. Fearing the situation might become violent, the son also asked his three roommates to join him, and he brought a baseball bat "just in case." His roommates also brought baseball bats.

When they arrived, the son saw defendant's car still parked outside. Upset, the son used his baseball bat to break off the side-view mirror. The son and his three roommates went inside the home and found flour and coffee creamer all over the floor and a television lying on the floor. Defendant tried to explain himself, but the son told defendant to leave. Defendant grabbed some of his stuff and went outside.

When defendant got outside, he noticed his damaged car. Defendant got into the car, and the son and his roommates stood in front of it as defendant started to reverse out of the driveway. The son was yelling at defendant when defendant suddenly switched gears and began driving forward directly toward the son. The son tried to run away, but defendant pursued and then hit him with the car with such force that the son fell to the ground between the car's tires. Luckily, the son was uninjured.

Fearing the son was stuck under the car, one of the son's roommates ran toward the car and struck the driver's side window with a baseball bat. Defendant started reversing the car. The roommate fell to the ground, and defendant ran over the roommate's leg. Meanwhile, a second roommate jumped on the hood of the car and started striking the windshield with a knife. The son then stood up, ran toward the car, and started hitting it with a baseball bat. Defendant continued driving away, and the second roommate fell off the hood. Defendant then drove away.

In February 2023, a jury found defendant guilty of assault with a deadly weapon, namely a car. (Pen. Code, § 245, subd. (a)(1).)[1] Defendant admitted he suffered a prior strike and a prior serious felony based on a 2005 conviction for first degree burglary in violation of section 459. (§§ 667, subds. (b)-(i), 1170.12, 1192.7, subd. (c).) He also waived his right to a jury trial on the multiple aggravating circumstances that had been alleged. During the court trial on aggravating circumstances, evidence was presented regarding defendant's prior criminal history, including a 2002 conviction for assault with a deadly weapon (a car) (§ 245), a 2005 conviction for first degree burglary (§ 459), a 2008 conviction for misdemeanor battery (§ 242), a 2012 conviction for willful infliction of corporal injury (§ 273.5), and a 2018 conviction for vandalism (§ 594). The court found four aggravating circumstances to be true, including that: (1) defendant has engaged in violent conduct that indicates a serious danger to society; and (2) his prior convictions as an adult are numerous or of increasing seriousness. (Cal. Rules of Court, rules 4.421(b)(1) & 4.421(b)(2).)

During the March 2023 sentencing hearing, defendant asked the court to dismiss the prior serious felony enhancement pursuant to section 1385. Defendant argued the prior strike was remote in time, and the crime at issue here was unique as defendant was facing four armed individuals. The trial court declined to strike the enhancement and sentenced defendant to prison for an aggregate term of 13 years, as follows: eight years (the upper term of four years doubled due to the strike) for the assault conviction, plus five years for the prior serious felony enhancement. The court also imposed various fines and fees.

In pronouncing its sentence, the court acknowledged defendant had been provoked by the son and his roommates, who had damaged defendant's car and yelled at defendant.

---

[1] Undesignated statutory references are to the Penal Code.

3

However, the situation "could have been resolved without violence," and defendant "easily could have killed the victim in this case." The court was "concerned about public safety" and noted this was not defendant's first conviction for assault with a deadly weapon. Defendant, opined the court, "has a violent nature." With respect to the enhancement, the court recognized the prior conviction was more than five years old. But, explained the court, defendant had a history of other violent conduct that had "gone undeterred." As such, the court was declining to strike the enhancement because doing so would be a risk to public safety.

## II. DISCUSSION

Defendant argues the trial court abused its discretion in failing to dismiss the five-year prior serious felony enhancement pursuant to its discretion under section 1385. According to defendant, the court erroneously failed to give great weight to the fact that the prior conviction was more than five years old, as required under section 1385. Defendant also critiques the court's reasoning, arguing assault with a deadly weapon necessarily involves a crime of violence, and anyone with a prior serious felony enhancement would necessarily have a violent criminal history. In addition, defendant further argues the court erroneously failed to articulate facts to establish a likelihood that the dismissal of the enhancement would seriously endanger others. And, argues defendant, the court's decision was contrary to the spirit of section 1385 and the "clear legislative trend moving away from harsh sentences." We find no merit in defendant's contentions.

Under section 1385, a trial court "shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1).) In exercising its discretion under subdivision (c)(1), a trial court "shall consider and afford great weight to evidence offered by the defendant" to prove one of nine enumerated mitigating circumstances, including whether the enhancement is based on a prior conviction that is more than five

4

years old.  (§ 1385, subd. (c)(2)(H).)  Proof of one of these mitigating circumstances "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  (§ 1385, subd. (c)(2).)  Section 1385 defines " '[e]ndanger public safety' " to mean "a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."  (§ 1385, subd. (c)(2).)  A trial court is not required to consider any particular factors in determining whether dismissal would endanger public safety.  (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 299.)  We review for abuse of discretion a trial court's decision to not strike an enhancement under section 1385.  (*Mendoza, supra,* at p. 298.)

Despite defendant's contentions, we disagree the trial court abused its discretion in declining to dismiss the prior serious felony enhancement.  In explaining why it had decided to keep the enhancement, the court noted it had the discretion to strike the enhancement, and it recognized that the prior conviction was more than five years old.  Still, it was not in the interest of justice to strike the enhancement "because of the risk to public safety."  Indeed, the court made clear throughout the sentencing hearing that its sentencing choices were based on its "concern[] about public safety."  The court described defendant as having a "violent nature," and noted this was not defendant's first conviction for assault with a deadly weapon.  In addition, the court had found true that defendant's prior convictions as an adult were numerous and of increasing seriousness, and that defendant had engaged in violent conduct that indicates a serious danger to society.  (Cal. Rules of Court, rules 4.421(b)(1) & 4.421(b)(2).)  It was reasonable for the court to conclude that, even though defendant's prior strike was more than five years old, striking the enhancement would endanger public safety because defendant had continued to commit crimes and act violently.  Under the circumstances, we find no abuse of discretion.

5

## III. DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

HULL, Acting P. J.

/S/

MAURO, J.